UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
    SHARON DeROIA,
                         Plaintiff,

                       13-CV-6570 (JPO)
             -v-
                       OPINION AND ORDER

    AMERICAN AIRLINES, INC.,
                        Defendants.

-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Sharon DeRoia brought this action against Defendant American Airlines Group, Inc. ("AAG") on September 17, 2013. She alleges several violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, based upon adverse employment actions taken against her between 2009 and February of 2011. On November 29, 2011, American Airlines and its related debtors filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, which triggered an automatic stay of the instant action. (Dkt. No. 4.) On October 21, 2013, the Bankruptcy Court resolved the bankruptcy and set July 16, 2012, as the deadline for creditors to file proofs of claim (the "bar date") based on prepetition liabilities against the debtors. Notice of this bar date was mailed to Plaintiff on May 18, 2012. Plaintiff did not file a proof of claim in the Bankruptcy Court. AAG has moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), arguing that DeRoia's claims against it are barred by the judgment of the Bankruptcy Court. DeRoia has not opposed this motion.[1] For the reasons that follow, AAG's motion is granted.

---

[1] DeRoia's response to AAG's motion to dismiss was due on May 22, 2014. To date, she has not filed any papers in this action since September 17, 2013, when she filed her complaint.

1

As is typical in bankruptcy cases, the Bankruptcy Reorganization Plan ("the Plan") in this case bars claims based on prepetition conduct unless the claimant filed a proof of claim before the bar date.  *See* Bankr. Case No. 11-15463 (Bankr. S.D.N.Y. 2011).  A Title VII claim is deemed to be "prepetition" for this purpose if the underlying conduct occurred before the filing of the bankruptcy petition.  *E.g.*, *Carter v. Safety-Kleen Corp.*, 06 CV 12947, 2007 WL 1180581 (S.D.N.Y. Mar. 14, 2007) ("[W]hether § 1141(d) [of the Bankruptcy Code] discharges an employment discrimination claim hinges on when the alleged misconduct occurred.").  Here, DeRoia's complaint alleges conduct that occurred before February of 2011; the bankruptcy petition was filed in November of 2011.  Therefore, if her claim is within those barred by the Plan, this action must be dismissed.

The Plan bars all "claim[s] that arose prior to November 29, 2011" unless a proof of claim was filed.  It exempts the claims of "any present or former employee of the Debtors . . . with respect to any prepetition Claim based on the payment of wages, salaries . . . [and] benefit programs."  But that exemption is inapplicable here because the Plan specifically excludes from that exemption claims as to which "Debtors have provided notice to . . . Employees . . . that the Debtors do not intend to pay such a Claim . . . ."  AAG has filed a proof of service in the instant case indicating that it mailed notice to DeRoia that the bar date was upcoming, and it had previously denied her allegations.  This case, therefore, clearly does not fall under the Plan's exception for wage claims.

For the foregoing reasons, AAG's motion to dismiss is GRANTED. The Clerk of the Court is directed to close the motion at Docket No. 7 and to close the case.

SO ORDERED.

Dated: October 14, 2014
      New York, New York

                                                            J. PAUL OETKEN
                                                        United States District Judge